# EXHIBIT A

Filing # 248814547 E-Filed 05/22/2026 01:23:52 PM

**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

CHRISTINE KING,

    *Plaintiff,*

    v.

EQUIFAX INFORMATION
SERVICES LLC,

    *Defendant.*

Case No:    _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Christine King, ("Ms. King"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Equifax Information Services, LLC ("Equifax"), stating as follows:

### PRELIMINARY STATEMENT

1.    This is an action for damages not to exceed $8,000, exclusive of attorney's fees and costs, brought by Ms. King against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

### JURISDICTION AND VENUE

2.    Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and § 34.01, Fla. Stat.

3.    Equifax is subject to the jurisdiction of the Court pursuant to § 48.193, Fla. Stat.

4.    Venue is proper in Polk County, Florida, pursuant to § 47.051, Fla. Stat., because the acts complained of were committed and / or caused by the Defendant within Polk County.

### PARTIES

5.    Ms. King is a natural person residing in Mulberry, Polk County, Florida.

6.    Ms. King is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

2026SC-009834-A000-BA    Received in Polk 05/22/2026 03:07 PM

7.     Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

8.     Equifax is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9.     Equifax is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

10.    As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Ms. King's May 2026 Consumer Disclosure

11.    On or about May 12, 2026, Ms. King requested and obtained a copy of her consumer credit disclosure from Equifax.

12.    Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. King's request, Equifax was required to "clearly and accurately" disclose all information in Ms. King's file at the time of her request, with the limited exception that her Social Security number could be truncated upon request.

13.    Equifax provided an electronic copy of Ms. King's *Consumer Disclosure* ("Equifax's Disclosure") to her at her home address in Mulberry, Florida.

### Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditors

14. Despite a requirement to disclose all information in her credit file at the time of her request, Equifax's Disclosure omitted significant amounts of information contained in Ms. King's credit file.

15. Equifax's Disclosure indicated that Ms. King's file contained fifty-three (53) accounts classified as "Credit Accounts."

16. Equifax's Disclosure indicated that Ms. King's file contained one (1) account classified as "Collections."

17. Equifax's Disclosure states "Credit Accounts": "includes all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit."

18. Six (6) of the tradelines appearing in the "Credit Accounts" section reported to Equifax is not a "credit account" whatsoever.

19. The six (6) non "Credit Account" account appearing in that section were reported by LVNV Funding, LLC ("LVNV") and Jefferson Capital Systems ("Jefferson"). SEE PLAINTIFF'S EXHIBIT A.

20. LVNV and Jefferson are *Debt Buyers* –companies whose primary purposes are the purchase and collection of debts which were originally owed to third parties.

21. As LVNV and Jefferson do not lend to consumers, they are *never an Original Creditor.*

Page **3** of **18**

2026SC-009834-A000-BA    Received in Polk 05/22/2026 03:07 PM

22.     Despite this, when disclosing the LVNV and Jefferson tradelines to Ms. King, Equifax indicated that LVNV and Jefferson were the original creditors of the accounts, omitting any reference to the true original creditors.

23.     Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), under the "Account Details" section of the account, Equifax placed a notation, "Contact the creditor or lender if you have any questions about it." *Id.*

24.     Equifax thus shifted the burden of disclosure and inquiry away from itself, and onto Ms. King.

### Missing Account Numbers

25.     Making matters even more confusing for Ms. King, Equifax omitted all but the last four digits of the account numbers relating to the tradelines listed in the "Credit Accounts" and "Collection" sections of the disclosure.

26.     LVNV and Jefferson, along with Equifax's other furnishers of data, reported full account numbers to Equifax, and this information was not contained within Equifax's file regarding Ms. King at the time of her request.

27.     When Equifax produces and sells reports regarding Ms. King to third parties, the full account numbers and names of the original creditors are included in its reports.

28.     The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

29.     Having a duty to disclose *all of the information* regarding the accounts in Ms. King's file, Equifax breached its duty by failing to provide the account numbers and original

Page **4** of **18**

creditors' names, as such information is necessary for a consumer to be able to research and evaluate the information contained in her credit file.

30. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

31. Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score."

32. LVNV and Jefferson are registered with the Florida Office of Financial Regulation as Consumer Collection Agencies.

33. Thus, Equifax should have placed these tradelines under the "Collections" header of Ms. King's Disclosure, rather than the "Credit Accounts" header.

34. The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

35. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created

2026SC-009834-A000-BA      Received in Polk 05/22/2026 03:07 PM

right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

36.    The lack of accurate, full account numbers caused Ms. King great frustration and emotional distress when trying to understand her credit report and verify it against her own records.

37.    Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." SEE PLAINTIFF'S EXHIBIT B.

38.    Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand her consumer credit disclosure, identify the accounts, and compare those accounts with her own records.

39.    The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states that:

> "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports**. Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis original**.)

SEE PLAINTIFF'S EXHIBIT C.

40.    The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

41.    On information and belief, LVNV and Jefferson complied with the *Credit Reporting Resource Guide* and reported the names of the true original creditors of their reported accounts.

## Prevalence of Equifax's Errors

42. On information and belief, Equifax's Disclosure to Ms. King was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

43. On information and belief, this same template is used virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

44. On information and belief, www.annualcreditreport.com is the location where most consumers obtain their Equifax credit disclosure.

45. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

46. Thus, *every* consumer with accounts appearing in the incorrect section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Ms. King.

47. Equifax's error has therefore likely affected hundreds of thousands of consumers.

48. Equifax has known of the flaws in its systems for years, which has affected a large number of consumers. *See, e.g., Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

49. Equifax's knowing and repeated conduct warrants an award of *punitive damages.*

50. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

51.     Ms. King has a right to a full and complete disclosure of the contents of her file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

52.     Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Ms. King deprived her of this right.

53.     Ms. King has hired the undersigned law firm to represent her in this matter and has assigned them her right to obtain reimbursement for her reasonable fees and costs.

**COUNT I**
**EQUIFAX'S WILLFUL VIOLATIONS OF THE FCRA**

54.     Ms. King adopts and incorporates paragraphs 1 - 53 as if fully stated herein.

55.     Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Ms. King's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. King, a *Consumer*, all of the information in her file at the time of the request. Specifically, Equifax disclosed six (6) accounts reported by LVNV and Jefferson without disclosing the full account numbers or the names of the *Original Creditors*, as well as forty-eight (48) additional accounts which lacked the full account numbers, even though full account numbers were reported by the data furnishers.

56.     Equifax knowingly provided inaccurate information in Ms. King's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

57.     Equifax is therefore liable to Ms. King, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

**WHEREFORE,** Ms. King respectfully requests that the Honorable Court enter judgment against Equifax for:

2026SC-009834-A000-BA        Received in Polk 05/22/2026 03:07 PM

a. The greater of statutory damages of **$1,000.00** per incident and Ms. King's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

**COUNT II**
**<u>EQUIFAX'S NEGLIGENT VIOLATIONS OF THE FCRA</u>**

58. Ms. King adopts and incorporates paragraphs 1 - 53 as if fully stated herein.

59. Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Ms. King's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. King, a *Consumer*, all of the information in her file at the time of the request. Specifically, Equifax disclosed six (6) accounts reported by LVNV and Jefferson without disclosing the full accounts number or the names of the *Original Creditors*, as well as forty-eight (48) additional accounts which lacked the full account numbers, even though full account numbers were reported by the data furnishers.

60. Equifax has a legal duty to provide consumers with a clear and accurate disclosure of all information within its file at the time of the consumer's request.

61. Equifax breached this duty when Equifax disclosed six (6) accounts reported by LVNV and Jefferson without disclosing the full account numbers or the names of the *Original Creditors*, as well as forty-eight (48) additional accounts which it disclosed without full account numbers, even though full account numbers were reported by the data furnishers.

62. Equifax is therefore liable to Ms. King, pursuant to 15 U.S.C. § 1681o, for Ms. King's actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Ms. King respectfully requests that the Honorable Court enter judgment against Equifax for:

a.    Ms. King's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. King demands a jury trial on all issues so triable.


Respectfully submitted on May 22, 2026, by:

**SERAPH LEGAL, P. A.**
*/s/ Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
3505 East Frontage Road, Suite 145
Tampa, FL 33607
Tel: 813-567-1230 (Ext: 306)
Fax: 855-500-0705
*Counsel for Plaintiff*


## ATTACHED EXHIBIT LIST

A.    Ms. King's Equifax Consumer Disclosure, May 12, 2026– Excerpts.
B.    FTC Opinion Letter.
C.    *Credit Reporting Resource Guide*, Original Creditor Name Excerpt.

# EXHIBIT A
## Ms. King's Equifax Consumer Disclosure May 12, 2026 – Excerpts

**CHRISTINE L KING**



Date: May 12, 2026
Confirmation # 6132564316



**LVNV FUNDING LLC - Closed**

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, Date Reported: **05/05/2026** | Balance: ▮
SC 29602 | (866) 464-1183
Account Number: ▮ | Owner: **Individual Account**                    Credit Limit: · | High Credit: ▮
Loan/Account Type: **Debt Buyer Account** | Status: ·

| | | |
|---|---|---|
| Date Opened: **03/19/2025** | Date of 1st Delinquency: **07/21/2024** | Terms Frequency: · |
| Date of Last Activity: · | Date Major Delinquency 1st Reported: **05/08/2025** | Months Reviewed: **12** |
| Scheduled Payment Amount: · | Amount Past Due: ▮ | Deferred Payment Start Date: · |
| Actual Payment Amount: · | Charge Off Amount: | Balloon Payment Amount:: |
| Date of Last Payment: **08/30/2025** | Date Closed: | Balloon Payment Date: · |
| Term Duration: · | Activity Designator: · | Narrative Code(s): **166, 057** |

**Payment History**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | · | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

000000001-DISC                    Page 8 of 58   6132564316-EFX-ACR-1035016300001c4c-05122026

2026SC-009834-A000-BA         Received in Polk 05/22/2026 03:07 PM

# EXHIBIT A
## Ms. King's Equifax Consumer Disclosure May 12, 2026 – Excerpts

CHRISTINE L KING



Date: May 12, 2026
Confirmation # 6132564316



**LVNV FUNDING LLC - Closed**

CARE OF RESURGENT CAPITAL SERVICES L P PO BOX 1269, PO BOX 1269, Greenville, Date Reported: **05/05/2026**　Balance: ▉
SC 29602　(866) 464-1183
Account Number: ▉　Owner: **Individual Account**　　　　　　　Credit Limit: -　High Credit: ▉
Loan/Account Type: **Debt Buyer Account**　Status: -

| | | |
|---|---|---|
| Date Opened: **05/29/2025** | Date of 1st Delinquency: **10/19/2024** | Terms Frequency: - |
| Date of Last Activity: - | Date Major Delinquency 1st Reported: **08/05/2025** Months Reviewed: **9** | |
| Scheduled Payment Amount: - | Amount Past Due: ▉ | Deferred Payment Start Date: - |
| Actual Payment Amount: - | Charge Off Amount: - | Balloon Payment Amount: - |
| Date of Last Payment: - | Date Closed: - | Balloon Payment Date: - |
| Term Duration: - | Activity Designator: - | Narrative Code(s): **166, 057** |

**Payment History**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Pay on Time | 30 | 1-30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

000000001-DISC　　　　　　　　　　Page 9 of 58　6132564316-EFX-ACR-1035016300001c4c-05122026

Page **12** of **18**

2026SC-009834-A000-BA　　　　**Received in Polk 05/22/2026 03:07 PM**

# EXHIBIT A
## Ms. King's Equifax Consumer Disclosure May 12, 2026 – Excerpts

**CHRISTINE L KING**

 **EQUIFAX**

Date: May 12, 2026
Confirmation # 6132564316



**LVNV FUNDING LLC - Closed**

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, Date Reported: **05/05/2026** | Balance:
SC 29602 | (866) 464-1183
Account Number: ▮ | Owner: **Individual Account**            Credit Limit: · | High Credit: ▮
Loan/Account Type: **Debt Buyer Account** | Status: ·

| | | |
|---|---|---|
| Date Opened: **05/30/2025** | Date of 1st Delinquency: **11/22/2024** | Terms Frequency: · |
| Date of Last Activity: · | Date Major Delinquency 1st Reported: **08/05/2025** Months Reviewed: **9** | |
| Scheduled Payment Amount: · | Amount Past Due ▮ | Deferred Payment Start Date: · |
| Actual Payment Amount: · | Charge Off Amount: | Balloon Payment Amount: · |
| Date of Last Payment: · | Date Closed: | Balloon Payment Date: · |
| Term Duration: · | Activity Designator: · | Narrative Code(s): **166, 057** |

**Payment History**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | · | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

000000001-DISC            Page 10 of 58  6132564316-EFX-ACR-1035016300001c4c-05122026

Page 13 of 18

# EXHIBIT A
## Ms. King's Equifax Consumer Disclosure May 12, 2026 – Excerpts

CHRISTINE L KING



Date: May 12, 2026
Confirmation # 6132564316



**LVNV FUNDING LLC - Closed**

CARE OF RESURGENT CAPITAL SERVICES L.P. PO BOX 1269, PO BOX 1269, Greenville  Date Reported: **05/05/2026** | Balance: ▮
SC 29602   (866) 464-1183
Account Number ▮  Owner: **Individual Account**                          Credit Limit: -  High Credit: ▮
Loan/Account Type: **Debt Buyer Account**  Status: -

| | | |
|---|---|---|
| Date Opened: **09/23/2025** | Date of 1st Delinquency: **03/23/2025** | Terms Frequency: - |
| Date of Last Activity: - | Date Major Delinquency 1st Reported: **12/03/2025** | Months Reviewed: **5** |
| Scheduled Payment Amount: - | Amount Past Due: ▮ | Deferred Payment Start Date: - |
| Actual Payment Amount: - | Charge Off Amount: - | Balloon Payment Amount: - |
| Date of Last Payment: - | Date Closed: - | Balloon Payment Date: - |
| Term Duration: - | Activity Designator: - | Narrative Code(s): **166, 057** |

**Payment History**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Paid or Too New | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

**24 Month History**

| | Balance | Scheduled | Actual Payment | Last Payment | Past Due | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

2026SC-009834-A000-BA        Received in Polk 05/22/2026 03:07 PM

# EXHIBIT A
## Ms. King's Equifax Consumer Disclosure May 12, 2026 – Excerpts

**CHRISTINE L KING**



**EQUIFAX**

Date: May 12, 2026
Confirmation # 6132564316



### LVNV FUNDING LLC - Closed

CARE OF RESURGENT CAPITAL SERVICES L P PO BOX 1269, PO BOX 1269 Greenville  Date Reported: **05/05/2026**   Balance: ▮
SC 29602 | (866)-464-1163
Account Number: ▮  Owner: **Individual Account**                    Credit Limit: -   High Credit: ▮
Loan/Account Type: **Debt Buyer Account**  Status: -

| | | |
|---|---|---|
| Date Opened: **07/21/2025** | Date of 1st Delinquency: **12/27/2024** | Terms Frequency: - |
| Date of Last Activity: - | Date Major Delinquency 1st Reported: **10/07/2025** Months Reviewed: **7** | Deferred Payment Start Date: - |
| Scheduled Payment Amount - | Amount Past Due: **$774** | Deferred Payment Start Date: - |
| Actual Payment Amount: - | Charge Off Amount: - | Balloon Payment Amount: - |
| Date of Last Payment: - | Date Closed: - | Balloon Payment Date: - |
| Term Duration: - | Activity Designator: - | Narrative Code(s): **166, 057** |

**Payment History**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Pay dun Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

000000001-DISC                    Page 12 of 58  6132564316-EFX-ACR-1035016300001c4c-05122026

**2026SC-009834-A000-BA       Received in Polk 05/22/2026 03:07 PM**

# EXHIBIT A
## Ms. King's Equifax Consumer Disclosure May 12, 2026 – Excerpts

**CHRISTINE L KING**



Date: May 12, 2026
Confirmation # 6132564316



**JEFFERSON CAPITAL LLC - Closed**

200 14th Ave E, Sartell, MN 56377 | (866) 219-0725
Account Number: ▮▮▮ | Owner: **Individual Account**
Loan/Account Type: **Debt Buyer Account** | Status: ·

Date Reported: **04/25/2026** | Balance: ▮▮▮
Credit Limit: | High Credit: ▮▮▮

| | | |
|---|---|---|
| Date Opened: **06/23/2025** | Date of 1st Delinquency: **11/05/2024** | Terms Frequency: · |
| Date of Last Activity: · | Date Major Delinquency 1st Reported: **09/06/2025** | Months Reviewed: **7** |
| Scheduled Payment Amount: ·· | Amount Past Due: **$1,285** | Deferred Payment Start Date: · |
| Actual Payment Amount: · | Charge Off Amount: · | Balloon Payment Amount:: |
| Date of Last Payment: · | Date Closed: | Balloon Payment Date: · |
| Term Duration: · | Activity Designator: · | Narrative Code(s): **166, 057** |

**Payment History**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | *20 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | · | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

000000001-DISC                Page 20 of 58  6132564316-EFX-ACR-1035016300001c4c-05122026

Page 16 of 18

**2026SC-009834-A000-BA        Received in Polk 05/22/2026 03:07 PM**

## EXHIBIT B
## FTC Opinion Letter

 **FEDERAL TRADE COMMISSION**

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do, therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

2026SC-009834-A000-BA        Received in Polk 05/22/2026 03:07 PM

## EXHIBIT C
### *Credit Reporting Resource Guide*, Original Creditor Name Excerpt

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |